

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JEFFERY A. STALLWORTH                                    PLAINTIFF

VS.                                  CIVIL ACTION NO. 3:16-cv-246 CWR-FKB

GOVERNOR DEWEY PHILLIP "PHIL" BRYANT,
STATE OF MISSISSIPPI, MISSISSIPPI LEGISLATURE,
EAST METRO PARKWAY, AND
MISSISSIPPI DEPARTMENT OF TRANSPORATION          DEFENDANTS

**COMPLAINT AND COMPLAINT FOR INJUNCTION AND DECLARATORY ACTION**
**JURY TRIAL REQUESTED**

COMES NOW Plaintiff Jeffery A. Stallworth and files his complaint against Dewey "Phil" Bryant, Governor of the State of Mississippi, the State of Mississippi, the Mississippi Legislature, the East Metro Parkway, and the Mississippi Department of Transportation as follows:

**PARTIES**

1.      Plaintiff Jeffery A. Stallworth is a resident and a taxpayer of Jackson, Mississippi and a former Commissioner of the Jackson Municipal Airport Authority ("JMAA") who resides at 6286 Hanging Moss Road, Jackson, Mississippi 39206.

2.      Defendant Phil Bryant is Governor of the State of Mississippi who resides at the Governor's Mansion or whose offices are located at 401 Mississippi Street, Jackson, Mississippi and can be served with process by serving him or his attorney.

3.      Defendant State of Mississippi is a governmental entity which can be served with process by serving Attorney General Jim Hood at 550 High Street, Suite 1200, Jackson, Mississippi 39201.

4. Defendant Mississippi Legislature is a body politic responsible for passing laws and legislation for the entire State of Mississippi and can be served with process by serving Attorney General Jim Hood at 550 High Street, Suite 1200, Jackson, Mississippi 39201.

5. Defendant East Metro Parkway is a commission charged with economic development in the City of Jackson and surrounding areas and may be served with process by serving its President.

6. Defendant Mississippi Department of Transportation is a governmental entity charged oversight of Mississippi's transportation resources and operations, and with maintenance of aeronautics, ports, rails, highways and roads within the State of Mississippi and may be served with process by serving its Executive Director Melinda McGrath or attorney at 401 North West Street, Jackson, Mississippi.

## JURISDICTION AND VENUE

7. Pursuant to USC Section 1331, this Court has jurisdiction over this action because it contains a federal question arising under the Constitution, laws, or treatises of the United States of America.

8. Venue is proper pursuant to 28 USC Section 1391(b). A substantial portion of the acts occurred in Jackson, Mississippi, which is the Capitol, giving rise to the claim.

## FACTS

9. On or about March 24, 2016, the Legislature passed House Bill 2162 which would allow Madison and Rankin County, Mississippi to takeover and create the Jackson Metropolitan Area Airport Authority, establish its powers and duties, and allow it to exercise all powers and duties delegated to municipal airport authorities especially the Jackson Municipal Airport Authority, to abolish the Jackson Municipal Airport Authority, and to transfer all powers, duties, facilities and

resources to the newly created Jackson Metropolitan Area Airport Authority. House Bill 2162 is a hostile takeover of the Jackson Municipal Airport Authority. Gov. Bryant is expected to sign the bill and upon information and belief, is the impetus behind the bill. House Bill 2162 is attached as Exhibit A.

10. The airport belongs to the City of Jackson, Mississippi. Upon information and belief, the city fathers and the business-minded community came worked together to create a new airport in addition to Hawkins Field. Jackson spent over $150,000 to purchase land in Rankin County, Mississippi and the federal government provided matching funds. Upon information and belief, the Jackson Airport earned a profit of approximately $3,000,000 last year and enjoys approximately $17,000,000 in unrestricted cash. JMAA has also devoted attention to Hawkins Field and anticipates improvements there. The JMAA commissioners are all black. The attorneys who represent JMAA are black. The chief executive officer is black. He is JMAA's first black chief executive officer and this is Jackson's first all black authority. The City of Jackson is also majority black.

11. If other citizens from Rankin or Madison County want to sit as commissioners on the JMAA, they should have to pay to do so; to do otherwise is tantamount to a taking of Jackson's property without just compensation. House Bill 2162 shifts control and ownership of property owned by the City of Jackson to a newly, statutorily created board of commissioners. By this hostile and unwanted takeover by the Defendants, the City of Jackson and its residents will lose control of its valuable property, the airport and JMAA, and it is owed compensation for the loss of its precious, valuable assets.

12. While preparing to take over Jackson's precious assets, the Mississippi Department of Transportation has neglected other land in other parts of Jackson including but not limited to

3

south and west Jackson. Plaintiff is the owner of approximately 100 acres of land in Subdivision No. 2 which has the potential to be extremely valuable if the Department of Transportation would provide resources such as frontage roads and greater access as it does other property. However, the Department of Transportation spends its resources developing frontage roads and access roads for land owned or near whites rather than blacks. Defendant East Metro Parkway aims to shift traffic flow and traffic patterns to Flowood and Lakeland Drive in Rankin County, Mississippi rather than from Highway 80 in Jackson, Mississippi by making the parkway accessible, faster, and with less hassle than Highway 80 or Lakeland Drive. It will promote a bypass of Jackson, Mississippi although it was partially funded or otherwise supported by JMAA.

### COUNT ONE: VIOLATION OF THE FIFTH AMENDMENT

13. Plaintiff reasserts the allegations set forth in paragraphs 1-12 set forth above.

14. At all times herein, Plaintiff and other citizens of the City of Jackson had a right and an expectation that the JMAA and the airport which sets on land paid for by the City of Jackson and owned by it would remain in the City of Jackson. Instead, by passing House Bill 2162, the Defendants have constructed a hostile takeover of property belonging to the City of Jackson and its residents without any compensation whatsoever. While this newly created authority would govern Hawkins Field, located in Jackson, Mississippi and a part of JMAA, it would allow the City of Madison to keep Bruce Campbell Field.

15. The Defendants Legislature, State of Mississippi, and Gov. Bryant violated Plaintiff's Fifth Amendment rights by taking his property interest without just compensation.

16. As a direct and proximate cause of the acts of the Defendants, Plaintiff has suffered damages of emotional distress, will be irreparably harmed, and will suffer a loss of his city's tax base caused by this takeover.

## COUNT TWO: FOURTEENTH AMENDMENT-DUE PROCESS

17. Plaintiff reasserts the allegations set forth in paragraphs 1-16 set forth above.

18. Plaintiff, as a citizen and taxpayer of Jackson, Mississippi, had a right to notice and a hearing before his property was taken.

19. However, the Defendants gave no such hearing to the Plaintiff or the citizens of Jackson prior to taking the property.

20. Upon information and belief, a violation of a constitutional right is irreparable and actionable.

21. As a direct and proximate cause of the acts of the Defendants, Plaintiff has suffered harm including emotional distress and a violation of his due process rights.

## COUNT THREE: FOURTEENTH AMENDMENT-EQUAL PROTECTION

22. Plaintiff reasserts the allegations set forth in paragraphs 1-21 set forth above.

23. Plaintiff, as a citizen of Jackson, Mississippi and a taxpayer therein, has a right under the Fourteenth Amendment of the United States Constitution to be treated in a way and manner that was similar to all similarly situated residents of other cities, particularly Madison and Rankin counties.

24. However, Plaintiff and other residents of the City of Jackson, is treated less favorably than these similarly situated residents of Madison, Rankin, and other counties and even less favorably than white residents of Jackson, Mississippi as it relates to obtaining resources or

favorable development or treatment from the Department of Transportation or other Defendants including the East Parkway Commission.

### COUNT THREE-BREACH OF FIDUCIARY DUTY

25. Plaintiff reasserts the allegations set forth in paragraphs 1-24 set forth above.

26. As the Governor for all the people of Mississippi, a Legislature that should put the interests of all the people of Mississippi first, and a Department of Transportation which should devote and expend resources in all areas, regardless of whether they are populated by mostly blacks or mostly whites, these Defendants owe certain fiduciary duties to its citizens of the State of Mississippi and of the City of Jackson.

27. These Defendants' failure to pay Plaintiff and the Jackson residents the full value, or any value whatsoever, for its property is a breach of that fiduciary duty owed to Plaintiff thereby entitling him to damages in a amount to be determined by the jury and Court.

### COUNT FOUR-BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

28. Plaintiff reasserts the allegations set forth in paragraphs 1-28 set forth above.

29. An implied covenant of good faith and fair dealing arises from the relationship a State has with her citizens.

30. The Defendants' failure to take JMAA from the Plaintiff as a resident of Jackson and the city itself without just and adequate compensation is a breach of that implied covenant of good faith and fair dealing which entitles Plaintiff to damages and an injunction to prevent such a takeover without compensation.

WHEREFORE, Plaintiff Jeffery A. Stallworth requests that this Court enter an order declaring that their action is a taking, enjoining the Defendants from taking JMAA from the City of Jackson and awarding damages in an amount determined to be just and adequate plus

prejudgment and post judgment interest and such other relief as this Court deems just and appropriate.

This the 6th day of April, 2016.

Respectfully submitted,

_____
Jeffery A. Stallworth, Pro Se
6286 Hanging Moss Road
Jackson, MS 39206
601-259-5776-telephone