IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JEFFERY A. STALLWORTH                                                         PLAINTIFF

VS.                                    CIVIL ACTION NO. 3: 16-cv-00578-HTW-LRA

GOVERNOR DEWEY PHILLIP "PHIL" BRYANT,
STATE OF MISSISSIPPI, MISSISSIPPI LEGISLATURE,
EAST METRO PARKWAY, AND
MISSISSIPPI DEPARTMENT OF TRANSPORATION                 DEFENDANTS

PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT, OR IN THE
ALTERNATIVE, TO DISMISS WITHOUT PREJUDICE

COMES NOW, Plaintiff Jeffery A. Stallworth, pro se, and files this his Motion for Leave to Amend Complaint and pursuant to Federal Rule of Civil Procedure 15 and in support thereof will show the following, to wit:

1. This case involves a claim that the Defendant Mississippi Department of Transportation has dealt inequitably with the Plaintiff who owns land in the Western part of Hinds County, Mississippi. The Plaintiff, an African-American male, alleges that the Defendant Mississippi Department of Transportation has funneled more resources to the eastern part of Hinds County and surrounding areas such as Rankin and Madison counties in Mississippi while leaving his land undeveloped.

2. Since the filing of the lawsuit, the Defendant has filed a Motion to Dismiss raising immunity. Discovery has been stayed pending a ruling on the Motion to Dismiss.

3. The Plaintiff seeks to amend his Complaint to include additional proposed claims. The proposed claims will consist of the following: Title VI of the Civil Rights Act of 1964

prohibits discrimination based on race, color and national origin. Specifically, 42 USCA 2000d states, 'No person in the united States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.' The Defendants have violated Title VI by denying minority and low income populations the right to benefit from transportation and highway funds and programs in their neighborhoods, cities, and communities while giving majority white populations that benefit. This is a prohibited practice and the engagement by the Defendant in this prohibited practice has caused Plaintiff to suffer damages to his property. The United States government has given resources and funds to the State of Mississippi under its Federal Highway Administration for the development and construction of roads and infrastructure. These funds are administered by the State of Mississippi and the Defendant Department of Transportation. The federal government and the Federal Highway Administration prohibit discrimination by the Defendant in the use of federal funds to develop communities and cities. The Defendant is a recipient of federal highway funds, and in the allocation of its resources from the federal government, has engaged in discriminatory practices toward Plaintiff in particular which has led to a racial disparity in the areas in Hinds County, Mississippi where Plaintiff owns approximately 100 acres of property as compared to those areas in Rankin and Madison counties which is a majority white population. This allocation of resources in such an inequitable manner has resulted in harm to the Plaintiff's property by thwarting its development unlike the property in Rankin and Madison counties that have enjoyed a great amount of development of infrastructure such as frontage roads and greater access with federal

resources that have been spent or used in a discriminatory manner which is prohibited under Title VI. The western part of Hinds County, Mississippi is largely black while Rankin and Madison counties are largely white. Title VI prohibits discrimination in minority populations and low income populations. See Executive Order #12898. The Defendant has engaged in such discrimination which has harmed Plaintiff, a black male landowner, in his ability to develop and market his property.

4. The Plaintiff would also like to amend his Complaint to specifically add the Executive Director and the Commissioners of the Defendant Department of Transportation in their individual capacities.

5. Plaintiff's Motion for Leave to Amend is made in good faith and not for the purpose of delaying this matter. It is not filed for harassment, but for good cause.

6. Granting the Plaintiff's Motion for Leave to Amend will not cause any prejudice to the Defendant. No discovery has taken place to date. The case is currently stayed.

7. Rule 15a of the Federal Rules of Civil Procedure indicated that "leave shall be freely given when justice so requires." Plaintiff is pro se and is still seeking counsel to represent his interests. He has discovered that he has additional claims and would like to amend his complaint to advance those claims.

8. In the alternative, Plaintiff seeks leave from the Court to Dismiss this action without prejudice pursuant to Rule 41a1B.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays that his Motion for Leave to Amend His Complaint, or in the alternative, Leave to Dismiss this action without

prejudice.

Respectfully submitted,

_____
Jeffery A. Stallworth, Pro Se

## CERTIFICATE OF SERVICE

I, Jeffery A. Stallworth, pro se, hereby certify that I have this day caused to be electronically mailed to Defendant State of Mississippi by and through its counsel the Mississippi Attorney General's this my Motion for Leave to Amend or in the Alternative Leave to Dismiss this action Without Prejudice.

Dated: November 6, 2016

_____
Jeffery A. Stallworth, Pro Se