UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| CHOKWE A. LUMUMBA, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) No.: 3:16-CV-246-CWR-ASH |
| TATE REEVES, *et al.*, | ) |
| Defendants. | ) |

**PLAINTIFF JACKSON MUNICIPAL AIRPORT AUTHORITY'S
MEMORANDUM IN SUPPORT OF OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff Jackson Municipal Airport Authority ("Plaintiff" or "JMAA"), by and through counsel, respectfully submits this Memorandum in Opposition to Defendants' Motion to Dismiss [Dkt. 476], and would show unto the Court the following:

### INTRODUCTION[1]

Defendants have not presented a viable basis for the Court to dismiss the state-law claims in this lawsuit. Rather, Defendants argue, for the first time in this eight-year litigation, that, "[e]ven if…the individual plaintiffs adequately pled standing to pursue their federal claims, the Court should still dismiss their remaining state-law claims" because they involve "'novel or complex issues of State law.'" Dkt. 476 at 10. Defendants, however, do not address whether the state-law claims are derived from a separate case or controversy from the federal claims, nor do they address the interests of judicial economy and fundamental fairness or articulate *how* the state-law claims are sufficiently "novel or complex" to warrant the Court declining supplemental jurisdiction.

---

[1] For the sake of brevity, JMAA adopts and incorporates the facts and procedural history contained in the Plaintiffs' Second Amended Complaint as if set forth fully herein. *See* Dkt. 473.

To determine whether this Court should retain jurisdiction, the Court must not only apply the factors set forth in § 1367(c),[2] but it must also balance the common law interests of "judicial economy, convenience, fairness and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350-51 (1988) ("[T]he doctrine of pendent jurisdiction thus is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values."). Applying those factors, here, the Court should exercise supplemental jurisdiction over the state-law claims, particularly because this Court has presided over this case for the last eight (8) years and adjudicated all discovery and dispositive matters since the inception of this litigation, and contrary to Defendants' conjecturing, Plaintiffs' state-law claims do not involve "novel or complex issues of state law." Accordingly, the Court should deny Defendants' motion to dismiss on this issue.

## **ARGUMENT**

### I. **The state-law claims are a part of the same case or controversy as the federal claims.**

28 U.S.C. § 1367(a) provides that, when a district court has original jurisdiction over a civil action, it also has supplemental jurisdiction over state law claims that "form part of the same case or controversy" as the federal claim. 28 U.S.C. § 1367(a). The law is settled that "claims form

---

[2] The factors outlined in 28 U.S.C. § 1367(c) include whether:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

2

part of the same case or controversy when they derive from a common nucleus of operative facts." *Davis v. Dept. of Health and Hospitals*, 195 Fed. Appx. 203 (5th Cir. 2006).

As here, state and federal "claims are not 'separate and independent' [for purposes of supplemental jurisdiction] if the wrongs arise from an interlocked series of transactions, i.e., they substantially arise from the same facts." *McDaniel v. City of Iuka, Miss.*, Civ. A. No. 195-cv-32-DD, 1995 WL 1945467, at *2 (N.D. Miss. Mar. 24, 1995) (denying motion to remand in action where plaintiff filed state-law wrongful discharge claim and federal constitutional claims because "[a]ll of the claims asserted by the plaintiff…either arise from a single claimed wrong—his termination from employment—or from wrongs which arise from the facts surrounding his termination.'") (internal citation omitted). There is no colorable dispute that each of Plaintiffs' federal and state law claims in this case arises from the same case or controversy: the State of Mississippi's passage of Senate Bill 2162. *See id.*; *Davis*, at 195 Fed. Appx. at 205 (affirming district court's exercise of supplemental jurisdiction because plaintiff's employment discrimination claim under Title VII of the Civil Rights Act of 1964 and the Louisiana Constitution were a part of the same case or controversy); *Tenn. Gas Pipleine Co. v. Miss. Central R.R. Co.*, 164 F. Supp. 2d 823 (N.D. Miss. 2001) (exercising supplemental jurisdiction in case involving federal condemnation claim and state law property claims because the claims arose from the same case or controversy); *Polacek v. Kember Cnty., Miss.*, 739 F. Supp. 2d 948, 956-57 (S.D. Miss. 2010).

## II. The common law factors of "judicial economy, convenience, fairness, and comity" favor the exercise of supplemental jurisdiction.

While courts may decline supplemental jurisdiction over pendent state-law claims when all federal claims have been dismissed or otherwise eliminated, this general rule "is neither absolute nor automatic." *Newport Ltd. v. Sears, Roebuck and Co.*, 941 F.2d 302, 307-08 (5th Cir.

3

1991); *Guzzino v. Felterman,* 191 F.3d 588, 595 (5th Cir.1999). Instead, district courts have "wide discretion" to balance the interests of judicial economy, convenience, fairness, and comity. *Brookshire Bros. Holding v. Dayco Prod., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009); *Newport Ltd.*, 941 F.2d at 307-08; *see also Carlsbad Tech., Inc. v. HIF Bio, Inc.,* 556 U.S. 635, 639 (2009) (decision to exercise supplemental jurisdiction after federal claims are dismissed is "purely discretionary"). Considering this Court's understanding of the expansive procedural history in this lawsuit, the common law interests militate in favor of the Court exercising supplemental jurisdiction over the state-law claims.

Although no single factor is dispositive, "the amount of judicial resources that the case has consumed <u>is most important for [the Court's] analysis as an indication of the familiarity of the forum with the case and its ability to resolve the dispute efficiently</u>." *Parker & Parskley Petroleum Co. v. Dresser Industries*, 972 F.2d 580, 587 (5th Cir. 1992) (district court abused its discretion in declining supplemental jurisdiction because the court had "substantial familiarity with the merits of the case") (emphasis added)). As Defendants acknowledge in their motion, this case has been pending before this Court for over eight years. *See* Dkt. 476 at 1. In that eight-year span, the parties have filed numerous pleadings and have likewise produced numerous documents in discovery. Against that backdrop, this case will be most efficiently and fairly managed if the Court maintains jurisdiction of the state-law claims, as this Court is intimately familiar with the extensive factual record and procedural developments in the case. *See*, *e.g.*, *Newport Ltd. v. Sears, Roebuck and Co.*, 941 F.2d 302, 307-08 (5th Cir. 1991) ("[A]fter four years of litigation produced 23 volumes and thousands of pages of record" and "nearly two hundred thousand pages of discovery production, the declining to hear this case on the eve of trial constituted an abuse of the court's discretion."); *Batiste v. Island Records, Inc.*, 179 F.3d 217 (5th Cir. 1999) (district court abused

4

its discretion in declining supplemental jurisdiction "[a]fter considering and weighing all the factors present in [the] case, and relying especially on [the court's] conclusion that the district was "intimately familiar with the [plaintiff's] claims and the absence of any difficult state-law issue in the remaining claims…[.]"); *Mendoza v. Murphy*, 532 F.3d 342 (5th Cir. 2008) (affirming district court's exercise of supplemental jurisdiction over state law claims because the case had been pending for more than a year, the parties fully briefed summary judgment, and the state law claims were neither novel nor complex).

Because the Court has "devoted many hours to reviewing [the parties'] memoranda, the attached exhibits and the record in [the] case; and reaching the decisions" on the various issues the parties have presented to the Court, judicial economy and fundamental notions of comity and fairness favor the exercise of supplemental jurisdiction. *Smith v. Amedisys Inc.*, 298 F.3d 434, 447 (5th Cir. 2002).

### III.  The state-law claims do not present "novel or complex issues of State law."

Neither the Mississippi Constitution's prohibition on local legislation, nor its Equal Protection and Due Process Clauses, are by any means "novel" issues of state law. The Mississippi Supreme Court has analyzed state constitutional claims under those provisions on several occasions. *See, e.g., Tunica Cnty. v. Town of Tunica*, 227 So.3d 1007 (Miss. 2017) (analyzing whether proposed legislation requiring Tunica County, Mississippi to distribute portions of revenue-based gaming fees to Town of Tunica and school district violated Miss. Const. Art 4, § 87); *Bond v. Marion Cnty. Bd. of Sup'rs*, 807 So.2d 1208 (Miss. 2001) (addressing whether statute authorizing local economic development district to borrow money to finance economic development project violated Mississippi's prohibition on local or special legislation); *Transcontinental Gas Pipeline Corp.*, 310 So.2d 281 (Miss. 1975) (statute excluding "county

5

intersected by U.S. Highway 84 and Interstate 59 and having two judicial districts" from state law regulating the storage of natural gas violated state constitutional provision prohibiting local or special legislation); *Rolph v. Bd. of Trustees of Forrest Cnty. Gen. Hosp.*, 346 So.2d 377, *abrogated on other grounds* (Miss. 1977) (statute permitting county hospital to waive its immunity from suit based on whether hospital believed suits were meritorious was unconstitutional local "countywide" legislation" because other county hospitals were liable to the extent of their liability insurance); *Carter v. Harrison Cnty. Election Commission*, 183 So.2d 630 (Miss. 1966) (determining whether statute creating separate judicial district violated Equal Protection Clause of the Mississippi Constitution); *Moore v. Grillis*, 39 So.2d 505 (Miss. 1909) (invalidating state legislation regulating who can prepare tax returns for compensation as "arbitrary and capricious" under Due Process Clause of Mississippi Constitution).

The breadth of aforementioned authorities makes clear that there are ample analytical frameworks for the Court to utilize in deciding the merits of Plaintiffs' state-law claims. Therefore, this Court is readily positioned to maintain jurisdiction of Plaintiffs' state-law claims, and Defendants' motion to dismiss should be denied.[3]

---

[3] To support their argument for dismissal of the state-law claims, Defendants cite a *dicta* footnote from this Court regarding Plaintiffs' "special legislation claim," conveniently removing the full context of the Court's "comment." As demonstrated by the line of Mississippi authorities analyzing Miss. Const. Art.4, § 7, the issues underlying Plaintiffs' state-law claims do not require this Court to make an *Erie* guess as to how they should be resolved; but more importantly, as the Court explained in the same footnote, "Mississippi Rule of Appellate Procedure […] does not permit district courts to certify questions to the Mississippi Supreme Court," and therefore, only "the Fifth Circuit may decide [whether] certification is necessary." Dkt. 409 at 4, n.7.

## **CONCLUSION**

For each of the foregoing reasons, as well as the grounds articulated in Plaintiff Individual Commissioner's Opposition to Defendants' Motion to Dismiss [Dkt. 482], the Court should deny Defendants' motion.

        Respectfully submitted,

**Jackson Municipal Airport Authority, Board of Commissioners of the Jackson Municipal Airport Authority, Lucius Wright, Rickey Jones, and Rica Lewis-Payton each in his or her official capacity as a Commissioner on the Board of Commissioners of the Jackson Municipal Airport Authority**

By:    s/ *LaToya C. Merritt*
        Fred Banks, Jr., Bar No. 1733
        LaToya C. Merritt, Bar No. 100054
        Nicholas F. Morisani, Bar No. 104970
        Marcellus D. Chamberlain, Bar No. 105672
        Phelps Dunbar, LLP
        4270 I-55 North
        Jackson, Mississippi 39211-6391
        Post Office Box 16114
        Jackson, Mississippi 39236-6114
        Telephone: (601) 352-2300
        Facsimile: (601) 360-9777
        Fred.Banks@phelps.com
        LaToya.Merritt@phelps.com
        Nick.Morisani@phelps.com
        Marcellus.Chamberlain@phelps.com

By:    s/ *John L. Walker*
        John L. Walker, Bar No. 6883
        Walker Group, PC
        1410 Livingston Lane, Suite A
        Post Office Box 22849
        Jackson MS 39225-2849
        Telephone: 601.948.4589
        Facsimile: 601.354.2507
        jwaker@walkergrouppc.com

## CERTIFICATE OF SERVICE

I, *LaToya C. Merritt*, certify that the foregoing document has been filed with the Clerk of Court using the Court's ECF system, which provides service of the foregoing to all counsel of record who have entered an appearance in this case as of the date below.

Date: July 15, 2024.

      /s/ *LaToya C. Merritt*
      LaToya C. Merritt