UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| CHOKWE A. LUMUMBA, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) No.: 3:16-CV-246-CWR-ASH |
| TATE REEVES, *et al.*, | ) |
| Defendants. | ) |

THE CITY PLAINTIFFS' MEMORANDUM IN SUPPORT OF
CITY PLAINTIFFS' RESPONSE IN OPPOSITION TO
THE DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT

Chokwe A. Lumumba, Ashby Foote, Kenneth I. Stokes, Angelique Lee, Brian C. Grizzell, Vernon W. Hartley, Sr., Aaron Banks, and Virgi Lindsay, all in their individual and official capacities, and the citizens of the City of Jackson (the "City of Jackson Class") (collectively referred to as "City Plaintiffs") hereby files their Memorandum in Support of City Plaintiffs' Response in Opposition to the Motion to Dismiss Second Amended Complaint filed by Defendants Governor Tate Reeves, Lieutenant Governor Delbert Hosemann, and Rankin County ("Defendants").

I. Brief Facts

The City Plaintiffs incorporate the facts contained in the Plaintiffs' Complaint [D473] as if fully incorporated herein. In short, the Plaintiffs are seeking a declaration that Senate Bill 2162 violates the Constitution of the United States, violates the State of Mississippi's Constitution, and is preliminarily and permanently enjoined. *See* D473, ¶ 10.

1

II.  Standard of Review

The Fifth Circuit's review of dismissals under Rule 12(b)(1) for lack of jurisdiction and dismissals under Rule 12(b)(6) for failure to state a claim is *de novo*. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). When a party files multiple Rule 12 motions, the Court must consider the Rule 12(b)(1) jurisdictional attack before considering the Rule 12(b)(6) merits challenge. *Id.* The party responding to the 12(b)(1) motion bears the burden of proof that subject matter jurisdiction exists. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937.

III.  Arguments

   a.  **The City Plaintiffs confirm that they are not seeking reconsideration of any of this Court's prior orders at this time.**

Defendants correctly point out that this Court previously dismissed Counts I, II, IV, and a portion of Count III. *See* D230. As previously stated, the City Plaintiffs are not seeking reconsideration of any of this Court's previous orders. *See* D470. However, it is important to note that the aforementioned claims were not dismissed *with prejudice*. *See* D230. Therefore, the City Plaintiffs reserve the right to reassert any claims previously dismissed.

   b.  **The Individual City Plaintiffs and the City of Jackson Class have Article III standing to pursue the Federal claims in Counts VII and VIII of the Plaintiffs' Complaint.**

Under Article III of the Constitution, federal courts can resolve only "cases" and "controversies." U.S. CONST. art. III, § 2. In line with this requirement, a plaintiff must have

2

standing—that is, a showing of (1) an injury in fact (2) that is traceable to the defendant's conduct and (3) that can be redressed by the court. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

To establish injury in fact, a plaintiff must show that he or she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* For an injury to be "particularized," as required for Article III standing, it must affect the plaintiff in a personal and individual way. U.S.C.A. Const. Art. 3, § 2, cl. 1. Particularization is necessary to establish injury in fact, but it is not sufficient alone. An injury in fact must also be "concrete." *See Spokeo v. Robins*, 578 U.S. 330, 339 (2016). A "concrete" injury must be "*de facto*"; that is, it must actually exist. *See* Black's Law Dictionary 479 (9th ed. 2009). When the Supreme Court has used the adjective "concrete," they have meant it to convey the usual meaning of the term—"real," and not "abstract." *Id.* (*citing* Webster's Third New International Dictionary 472 (1971); Random House Dictionary of the English Language 305 (1967)). Therefore, concreteness is different from particularization. However, the Supreme Court distinguishes that "concrete" is not necessarily synonymous with "tangible." *Id.* Although tangible injuries are perhaps easier to recognize, the Supreme Court has confirmed that intangible injuries can nevertheless be concrete. *Id.* (internal citations omitted).

Defendants argue the Individual City Plaintiffs "lack Article III standing to sue -- 'individually' or 'as citizens and taxpayers'… on their Fourteenth Amendment claims." Since the Defendants' Motion to Dismiss only addresses the first element of standing, so will the City Plaintiffs.

### i. Count VII - Equal Protection

Defendants assert the Mayor and City-Council members lack standing to pursue Count VII "individually" or as "citizens or taxpayers" because they cannot meet the first element of standing. Specifically, they assert that the allegations in the Complaint are identical to the prior iteration of the

Plaintiffs' Complaint and that the Fifth Circuit has held that those allegations fail to demonstrate injury to a legally protected interest that establishes the Individual City Plaintiffs' standing. However, based on the allegations in the Complaint, the City Plaintiffs have articulated an injury to a legally protected interest. *See* D473, ¶¶ 114-144.  The Individual City Plaintiffs and the City of Jackson Class have brought this claim to uphold their right to equal protection under the law. *See* D473, FN 36. Senate Bill 2162 dilutes the efficacy of the City Plaintiffs' votes. *Id.* at ¶ 7.

In *Baker v. Carr*, 369 U.S. 186 (1962), the Court found appellants had standing to maintain their suit seeking a declaration that a statute was unconstitutional and violated the Equal Protection and Due Process clauses of the Fourteenth Amendment. *Baker,* 369 U.S. 186, 205. The appellants were residents of several Tennessee counties who were qualified to vote for members of the General Assembly representing his county. The appellants filed the suit to protect or vindicate an interest of their own, and the interest of those similarly situated. *Id.* at 207. The Supreme Court found that the injury the residents asserted was that the statute disfavors the voters in the counties in which they reside, placing them in a position of constitutionally unjustifiable inequality vis-a-vis voters in irrationally favored counties. *Id.* A citizen's right to a vote free of arbitrary impairment by state action has been judicially recognized as a right secured by the Constitution. *Id.* at 208. The Supreme Court found it unnecessary to decide whether the appellants' allegations of impairment of their votes by the statute will, ultimately, entitle them to any relief, to hold that they have standing. *Id.* The Court held that if such impairment to their votes exists, it would produce a legally cognizable injury and that they would be among those who have sustained the injury. *Id.*

Based on *Baker*, the City Plaintiffs have a plain, direct and adequate interest in maintaining the effectiveness of their votes. Senate Bill 2162 significantly restricts the City of Jackson's ability to manage and operate its airport by limiting the City Plaintiffs' influence on the board governing the airport. *See* D473, ¶¶ 114-144. Despite the City of Jackson owning the airport and having a

4

predominantly African American population, the Bill allows state and county officials, who represent a predominantly Caucasian electorate, to appoint the majority of the board members. *Id.* This shift in control dilutes the voting power of Jackson's citizens and reduces their ability to meaningfully participate in local governance, as their elected officials have limited discretion compared to officials from other municipalities in the state. *Id.* Senate Bill 2162 is racially discriminatory in violation of the Equal Protection Clause of the Fourteenth Amendment, effectively stripping the City of Jackson and its citizens of their rights to fair and equal representation. The City Plaintiffs have pleaded sufficient facts to overcome Defendants' argument that they lack standing relative to their Equal Protection claim; therefore, Defendants' motion should be dismissed.

### ii. Count VIII - Due Process

Defendants argue City Plaintiffs lack standing to pursue their Due Process claims "individually" or as "citizens and taxpayers" because the Individual City Plaintiffs lack any legally protected interest in the subject property. Plaintiffs have pleaded sufficient facts to establish an injury in fact to bring their Fourteenth Amendment Due Process claims.

In addition to the dilution of votes injury articulated above, the Plaintiffs will suffer an additional injury. Defendants seemingly disregard that the citizens of Jackson approved a $3,000,000.00 bond issue, backed by their full faith and credit, through an election, to establish, develop, construct, and equip the airport, noted by a resolution in the City's minutes. *See* D473, ¶¶ 38, 151; *see also* D473-2. This election by the voters of the City created a legally protected interest in the airport and the property on which it sits. The City and its citizens voted and paid to create the Jackson Airport, and the State now seeks to arbitrarily undo the will and capital of the City and its citizens.

Due Process rights are further implicated because Senate Bill 2162 singles out the City Plaintiffs. No other municipality in the State of Mississippi is affected by this law. *Id.* at ¶ 4. Senate Bill 2162 seeks to unilaterally transfer the management and operation of the Jackson Airport to a new

5

entity without regard for the City, the City's investment of capital, and the will of the citizens of Jackson as expressed with their votes and otherwise. *Id.* When government action is arbitrary, has no legitimate purpose, and is not rationally related to the general welfare of its citizens, the government action violates substantive due process. *See Simi Inv. Co. v. Harris Cnty., Tex.*, 236 F.3d 240, 249 (5th Cir.2000) (stating government action comports with substantive due process if "rationally related to a legitimate government interest" but impinges upon it if "arbitrary or capricious"). Defendants are attempting to circumvent the very purpose of the Fourteenth Amendment, which was drafted and passed to remedy racial discrimination. City Plaintiffs have Article III standing to bring their Due Process claims; therefore, this Court must deny the Defendants' Motion to Dismiss.

### c. This Court should retain supplemental jurisdiction over the remaining State law claims regardless of the outcome of the Federal law claims.

Defendants have urged the court to decline supplemental jurisdiction and dismiss Plaintiffs remaining state law claims. The Court has discretion to retain supplemental jurisdiction. *See Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir.1999) (citations omitted). The court should retain supplemental jurisdiction over the Plaintiffs' state law claims to promote judicial economy, convenience, fairness, and comity. *See Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir.2008). The Fifth Circuit has held it is an abuse of discretion to remand state law claims after significant judicial resources have been invested. *See Brookshire Bros. Holding v. Dayco Prod., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009). Given this case's long history, voluminous discovery, and numerous resolved motions, judicial economy, convenience, and fairness favor keeping it in federal court. Further, the Court's extensive involvement justifies retaining jurisdiction over the state claims even without federal claims. For these reasons, this Court should retain supplemental jurisdiction.

### d. Preliminary injunction is appropriate.

Defendants urge the court to dismiss Count VI of the Plaintiffs' Complaint because it is no standalone legal theory or cause of action. The City Plaintiffs agree that Count VI is not a standalone

6

cause of action but the City Plaintiffs rely on the remaining claims to support their request for a preliminary injunction. For the reasons stated above and in Plaintiffs' Complaint, there is a substantial likelihood of success on the merits of this case and a substantial threat of irreparable harm if the injunction is not granted. Further, the threatened injury outweighs any harm that the injunction might cause to the defendant, and the injunction will not disserve the public interest. *See* D473, ¶ 107. In the absence of an injunction, the control and operations of the Jackson Airport could be shifted away from the City, creating a series of actions that would be overly burdensome to unwind when the Plaintiffs are ultimately successful. An injunction ensures the maintenance of the status quo until this litigation concludes. Accordingly, preliminary injunction is appropriate and the Defendants' Motion to Dismiss should be denied.

### IV.    Conclusion

Senate Bill 2162 arbitrarily usurps the authority of the citizens of the City of Jackson. If this is permitted, there is no reason to believe that the State will stop with the usurpation of Jackson's airport.. The State could arbitrarily decide which City assets it wants to take next, which boards it wants to wrest control from the City, and which areas it wants to govern in place of the City's elected representatives.

The City of Jackson Plaintiffs, in their official and individual capacities, have an interest in maintaining the effectiveness of their votes, and the enactment of Senate Bill 2162 jeopardizes the vote of each of the elected officials who comprise the City's governing body and of the citizens who voted with their ballots and wallets to create the Jackson Airport. Senate Bill 2162 deprives them of this lawful prerogative.

For the reasons stated, the Court should deny the Defendants' Motion to Dismiss.

Dated: July 15, 2024.

        Mayor Chokwe Antar Lumumba, individually as a taxpayer and citizen of the City of Jackson, Mississippi, on behalf of himself and all others similarly situated

        By:    s/ *Sheridan A. Carr*
                  Sheridan A. Carr, MSB #106276
                  Drew Martin, MSB #101045
                  THE OFFICE OF THE CITY ATTORNEY
                  455 East Capitol Street
                  Post Office Box 2779
                  Jackson, Mississippi 39207-2779
                  Office: 601.960.1799
                  Facsimile: 601.960.1756
                  Email: scarr@jacksonms.gov
                  Email: dmartin@city.jackson.ms.us

        Ashby Foote, Kenneth I. Stokes, Angelique C. Lee, Brian C. Grizzell, Vernon W. Hartley, Aaron Banks, and Virgi Lindsay, individually as citizens of the City of Jackson, Mississippi, on behalf of themselves and all others similarly situated

        By:    s/ *Sheridan A. Carr*
                  Sheridan A. Carr, MSB #106276
                  Drew Martin, MSB #101045
                  THE OFFICE OF THE CITY ATTORNEY
                  455 East Capitol Street
                  Post Office Box 2779
                  Jackson, Mississippi 39207-2779
                  Office: 601.960.1799
                  Facsimile: 601.960.1756
                  Email: scarr@jacksonms.gov
                  Email: dmartin@city.jackson.ms.us

## CERTIFICATE OF SERVICE

I, Sheridan A. Carr, one of the attorneys for the City Plaintiffs, do hereby certify that I have served this day via Electronic Filing, a true and correct copy of the above and foregoing *Memorandum* to all counsel of record.

Submitted this the 15th day of July 2024.

*/s/    Sheridan A. Carr*
Sheridan A. Carr